IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

LUFKIN DIVISION

| | | |
|---|---|---|
| JAVIER YBARRA | § | |
| v. | § | CIVIL ACTION NO. 9:09cv212 |
| DEBORAH HURLEY, ET AL. | § | |

### MEMORANDUM ADOPTING REPORT AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE AND ENTERING FINAL JUDGMENT

The Plaintiff Javier Ybarra, an inmate of the Texas Department of Criminal Justice, Correctional Institutions Division proceeding *pro se*, filed this civil rights lawsuit under 42 U.S.C. §1983 complaining of alleged violations of his constitutional rights. This Court ordered that the matter be referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges. As Defendants, Ybarra named Gib Lewis Unit grievance investigator Deborah Hurley, Lt. Chad Wakefield, correctional officers Kenneth Miller and Sergio Santana, and unit medical director Dr. Walid Hamoudi.

An evidentiary hearing was conducted on May 13, 2010. At this hearing and in his complaint Ybarra complained of the death of another inmate, Elizondo, on July 9, 2009. Ybarra said that Elizondo had tried without success to get security staff, including Miller and Santana, to take him to the infirmary, but had been ignored. In addition, Ybarra said, the unit medical director failed to have Elizondo brought to the infirmary or provided with treatment. While the death was being investigated, Ybarra tried to get the attention of the homicide investigator but was unable to do so; he indicated that he believed that Lt. Wakefield told the investigator not to talk to him. He said that Hurley never conducts proper investigations of grievances and that Hurley falsely said in response

1

to a grievance that Ybarra had been interviewed concerning Elizondo's death on August 4, 2009. Ybarra also raised a vague and conclusory claim that he had been retaliated against by being given foods to which he was allergic and being charged with unfounded charges, but he did not indicate which of the named Defendants was responsible for these alleged incidents.

After review of the pleadings, the Magistrate Judge issued a Report recommending that the lawsuit be dismissed. The Magistrate Judge stated that: Ybarra lacked standing to complain about Elizondo's death; Ybarra had failed to set out a retaliation claim; he had no free-standing constitutional right to make a statement in a homicide investigation; and his claim that Hurley failed to investigate his grievances properly did not set out a constitutional claim. Ybarra filed objections to the Magistrate Judge's Report on June 1, 2010.

In his objections, Ybarra says first that his case involves the "deliberate wrongful death/murder of inmate Rodolpho Elizondo on July 9, 2009." He states that the actions of Hurley and Wakefield was an interference with a homicide investigation and concealment of a criminal act, and that he has a constitutional right to disclose a criminal act to authorities, regardless of the fact that he is a prisoner.

Ybarra goes on to assert that he has not consented to have the Magistrate Judge preside over his case, but she has done so anyway, and that he has filed a motion asking that the District Judge preside over all proceedings in the case.

Ybarra's objections fail to show that he has standing to complain about the death of Elizondo. As the Magistrate Judge concluded, Ybarra has no free-standing right under the Constitution or laws of the United States to give a statement to criminal investigators. While Ybarra did not consent to allow the Magistrate Judge to preside over his case under 28 U.S.C. §636(c), the record does not show that the Magistrate Judge is presiding over his case; instead, the action is referred to the Magistrate Judge for pre-trial proceedings in conformity with 28 U.S.C. §636(b), for which no consent is required. Newsome v. EEOC, 301 F.3d 227, 230 (5th Cir. 2002).

Ybarra says that a "mere mention of the cause as stated on page 1 and 2 of Report and Recommendation and NOT give any reason as to WHY this cause 9:09-cv-212 is dismissed is a violation of Federal Rules of Civil Procedure and PLAIN ERROR." In fact, the Report carefully analyzes each of Ybarra's claims and explains why these lack merit. Ybarra's objections lack merit.

The Court has conducted a careful *de novo* review of the pleadings and testimony in this case, the Report of the Magistrate Judge, the Plaintiff's objections thereto, and all other pleadings, documents, and records in the case. Upon such *de novo* review, the Court has concluded that the Report of the Magistrate Judge is correct and that the Plaintiff's objections are without merit. It is accordingly

ORDERED that the Plaintiff's objections are overruled and the Report of the Magistrate Judge is ADOPTED as the opinion of the District Court. It is further

ORDERED that the above-styled civil action be and hereby is DISMISSED with prejudice as frivolous and for failure to state a claim upon which relief may be granted. It is further

ORDERED that any and all motions which may be pending in this civil action are hereby DENIED. Finally, it is

ORDERED that the Clerk shall provide a copy of this opinion to the Administrator of the Three-Strikes List for the Eastern District of Texas.

So **ORDERED** and **SIGNED** this **10** day of **June, 2010.**

_____
Ron Clark, United States District Judge